BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARSHALL HANEY,<br><br>Defendant. | Case No. 1:17-cr-319-EJL<br><br>**INFORMATION**<br><br>21 U.S.C. §§ 843(b), 853 |

The United States Attorney charges:

### COUNT ONE

**Use of communication facility in causing or facilitating the commission of felonies under the Controlled Substance Act
21 U.S.C. § 843(b)**

On or about August 28, 2016, in the District of Idaho, the defendant, MARSHALL HANEY, did knowingly and intentionally use any communication facility, a cellular telephone, in facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Section 841(a)(1), that is possession with intent to distribute nandrolone, a Schedule III controlled substance, all in violation of Title 21, United States Code, Section 843(b).

**INDICTMENT** - 1

## CRIMINAL FORFEITURE ALLEGATION

### Drug Forfeiture
### 21 U.S.C. § 853

Upon conviction of the offense charged in Count One of this Information, the defendant, MARSHALL HANEY, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the defendant obtained directly or indirectly as a result of the foregoing drug offenses; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses, including but not limited to the following:

1. Unrecovered Cash Proceeds and/or Facilitating Property. Any and all sums that represent unrecovered proceeds of the offense of conviction obtained by the defendant, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense but, based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

2. Substitute Assets. Pursuant to 21 U.S.C. § 853 and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant," up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred or sold to, or deposited with, a third person;

   c. Has been placed beyond the jurisdiction of the court;

INDICTMENT - 2

    d.    Has been substantially diminished in value; or

    e.    Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 22 day of November, 2017.

BART M. DAVIS
United States Attorney
By:

Christian S. Nafzger
Assistant United States Attorney

**INDICTMENT** - 3